SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

FEB 16 2016

ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**MARTIN H. MCCUBBINS**                                                    **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.** 3:16cv116HTN LRA

**UNITED AIRLINES, INC.;**
**UNITED CONTINENTAL HOLDINGS, INC.;**
**fictitious defendant, WILLIAM BLACK;**
**fictitious defendant, CHARLES WHITE; and**
**fictitious DEFENDANTS A-M**                                              **DEFENDANTS**

### NOTICE OF REMOVAL

COME NOW, UNITED AIRLINES, INC. ("United Airlines") and UNITED CONTINENTAL HOLDINGS, INC., ("United Holdings") (together, the "Defendants") by and through their attorneys, McGlinchey Stafford, PLLC, and file this, their Notice of Removal, and in support thereof would show unto the Court the following, to-wit:

1.      This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

2.      This Court has subject matter jurisdiction over this matter based upon federal question jurisdiction.   Removal is appropriate because the Plaintiff, MARTIN H. MCCUBBINS (the "Plaintiff"), states claims regarding federal or international treaties and violations of the Constitution of the United States of American as well as claims that are preempted by the Montreal Convention as well as the Airline Deregulation Act.

3.      This action was commenced on or about February 5, 2016, in the Circuit Court of Hinds County, Mississippi, Civil Action No. 25CI1:16-cv-00098-JAW.   A copy of the Complaint is attached hereto as Exhibit "A" and incorporated herein by reference.[1]

---

[1] These are the same claims and causes of action as Civil Action No. 3:16-cv-00072-DPJ-FKB, currently pending before the Court.

4.     The Plaintiff asserts claims relating to international air travel from Jackson, Mississippi to Panama on February 6, 2013. *Id.* at ¶¶ 8-15. The Plaintiff states allegations against both United Airlines and United Holdings of negligent/gross negligent failure to warn that he would not be allowed inside the country of Panama because his passport had an expiration date of six months or less from the date of his travel. *Id.* at ¶¶ 15, 17.

5.     The Plaintiff alleges claims of (1) negligence, (2) gross negligence and (3) breach of contract. *Id.* at ¶¶ 15, 17, 19, 20.[2]

6.     The Plaintiff's stated damages include actual damages of $50,000.00 and punitive damages of $20,000.00 for each of his stated three (3) causes of action. The Plaintiff also seeks pre-judgment interest, post-judgment interest and all costs. *Id.* at *ad damnum*.

7.     The Defendants' removal of this case is timely. The Complaint in the matter was filed on February 5, 2016. *See, generally*, Complaint attached in Exhibit "A." The Defendants have not been served with process. Therefore, the 30-day time limit for removal has yet to begin and the removal of this matter is timely pursuant to 28 U.S.C. § 1446.

8.     Based upon the allegations in the Plaintiff's Complaint, this Court has original jurisdiction over this action because of the existence of a federal question pursuant to 28 U.S.C. § 1331, and the action may be removed pursuant to 28 U.S.C. § 1441. The face of the Plaintiff's Complaint alleges a federal question with claims of failure to warn of federal or international treaties and also allegations of violations of the Constitution of the United States of America. *See* Complaint, Exhibit "A" at ¶. 10.

9.     Additionally, the international transportation that is the subject of the Plaintiff's claim is exclusively governed by and completely preempted by an international treaty called the

---

[2] The Plaintiff's Complaint also states that he sustained damages as a result of the gross and willful negligent acts of United Airlines including "disgrace, humiliation, embarrassment and false imprisonment" but it is unclear whether the Plaintiff is stating a claim for false imprisonment.

Montreal Convention.  Convention for the Unification of Certain Rules for International Carriage by Air, May 29, 1999, S. Treaty Doc. 106-45, 1999 WL 33292734.  The Montreal Convention contains an exclusivity provision that makes the Convention the exclusive remedy for any claim for damages arising from the carriage of international passengers (as the present case) – whether in contract or in tort or otherwise – and also precludes alternative causes of action.  Montreal Convention, Article 29.  *See also*, *El Al Isreal Airlines, Ltd v. Tsui Yuan Tseng*, 525 U.S. 155 (1999); *Mbaba v. Societe Air France*, 457 F.3d 496, 500 (5th Cir. 2006); *Lee v. AMR Corporation*, 2015 WL 3797330 (E.D. Penn. June 18, 2015).  Regardless of how the Plaintiff's claims are stated, this Court has jurisdiction under 28 U.S.C. § 1331.  Accordingly, the state law claims pled by the Plaintiff arise under federal law and support federal question jurisdiction.

10.    Additionally, this Court has original jurisdiction over this action because of the existence of a federal question based on the Plaintiff's claims being equally preempted by the Airline Deregulation Act of 1978.  49 U.S.C. § 41713.  *See also*, *Northwest, Inc. v. Ginsberg*, 134 S.Ct. 1422, 1428 (U.S. 2014); *Onoh v. Northwest Airlines, Inc.*, 613 F.3d 596 (5th Cir. 2010); *Watson v. American Airlines, Inc.*, 2009 WL 3347093 (E.D. La. Oct. 14, 2009); *Williams v. Northwest Airlines, Inc.*, 163 F. Supp. 2d 628 (W.D.N.C. 2001).  Accordingly, the state law claims pled by the Plaintiff arise under federal law and support federal question jurisdiction.

11.    The Defendants will seek to consolidate this matter with the previously filed matter that states the same claims and causes of action.  *See* Civil Action No. 3:16-cv-00072-DPJ-FKB.

12.    By filing this Notice of Removal, the Defendants do not waive their rights to objection to service of process, sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, venue, or assert any other applicable defenses.  Additionally, the

3

Defendants expressly reserve any right to have the claims asserted herein resolved solely through arbitration.

13.     This Court has supplemental jurisdiction over all other claims in accordance with 28 U.S.C. §§ 1367 & 1441.

14.     A copy of this Notice of Removal has been sent to counsel of record for the Plaintiff and will be filed with the clerk of the County Court of Hinds County, Mississippi.

15.     The entire state court file will be filed electronically pursuant to 28 U.S.C. § 1446(a) and Uniform Local Rule 5(b).

WHEREFORE, PREMISES CONSIDERED, UNITED AIRLINES, INC. and UNITED CONTINENTAL HOLDINGS, INC. pray that this Court assume full jurisdiction over these proceedings as provided for by law.

THIS, the 16th day of February, 2016.

Respectfully submitted,

**UNITED AIRLINES, INC. and**
**UNITED CONTINENTAL HOLDINGS, INC.**
Defendants

By: _____

John T. Rouse
One of their Attorneys

**OF COUNSEL:**

John T. Rouse (MSB No. 101586)
**MCGLINCHEY STAFFORD, PLLC**
Suite 1100, City Centre South
200 South Lamar Street (Zip – 39201)
Post Office Box 22949
Jackson, MS 39225
(769) 524-2300
(769) 524-2331 (fax)
jrouse@mcglinchey.com

## CERTIFICATE OF SERVICE

I, the undersigned John T. Rouse, McGlinchey Stafford PLLC, do hereby certify that on this day, I have this day served via U.S. Mail, postage prepaid, a true and correct copy of the foregoing to:

> Wayne E. Ferrell, Jr.
> 405 Tombigbee Street
> Jackson, Mississippi 39201

THIS, the 16th day of February, 2016.

_____
OF COUNSEL

294664.2