IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

MARTIN H. MCCUBBINS                                                    PLAINTIFF

V.                                                        CAUSE NO. 16-98

UNITED AIRLINES, INC.;
UNITED CONTINENTAL HOLDINGS, INC.;
WILLIAM BLACK;
CHARLES WHITE;
and DEFENDANTS A-M                                                    DEFENDANTS

FILED
FEB 05 2016
ZACK WALLACE, CIRCUIT CLERK
BY_____D.C.

## COMPLAINT

Plaintiff, Martin H. McCubbins, files this, his cause of action against the Defendants, United Airlines, Inc., United Continental Holdings, Inc., William Black, Charles White, and Defendants A-M, and alleges the following:

### PARTIES

1. Plaintiff, Martin H. McCubbins, is an adult resident citizen of the First Judicial District of Hinds County, Mississippi, whose address is 71 Springridge Circle, Jackson, MS 39211.

2. Defendant, United Airlines, Inc., is a company organized and existing under the laws of the State of Delaware, with a principal place of business located at 233 S. Wacker Dr., HDQCT - 14th Floor, Chicago, Illinois, 60606. United Airlines is doing business in the State of Mississippi; and has designated CT Corporation Systems, as its registered agent for service of process. CT Corporation Systems may be served with process of the Court as its address of 645 Lakeland East Drive, Flowood, Mississippi 39232.

3. Defendant, United Continental Holdings, Inc., is a company organized and existing under and by virtue of the laws of a state other than the State of Mississippi, with a principal place of business located at 233 S. Wacker Dr., Chicago, Illinois, 60606. United Continental Holdings,


EXHIBIT A

Inc. is doing business in the State of Mississippi, by virtue of the fact that it has committed a tort, in whole or in part in the State of Mississippi. Further, United Continental Holdings, Inc., is engaged in business and contracts in the State of Mississippi, and therefore is doing business in the State of Mississippi. United Continental Holdings, Inc. may be served with process of this Court pursuant to the Mississippi Rules of Civil Procedure.

    4.    Defendant, William Black, is an adult resident of the State of Mississippi whose business address is United Airlines, Jackson-Evers International Airport, 100 International Dr., Suite 300, Jackson, MS 39208. Defendant, William Black, is named as a fictitious Defendant and is one of the individuals who reviewed Plaintiff's passport and negligently approved Plaintiff's flight to Panama and failed to warn Plaintiff that he would not be allowed into the Country of Panama because his passport was set to expire within six months from the dates of his flights on February 6, 2013, and February 13, 2013.

    5.    Defendant, Charles White, is an adult resident of the State of Mississippi whose business address is United Airlines, Jackson-Evers International Airport, 100 International Dr., Suite 300, Jackson, MS 39208. Defendant, Charles White, is named as a fictitious Defendant and is one of the individuals who reviewed Plaintiff's passport and negligently approved Plaintiff's flight to Panama and failed to warn Plaintiff that he would not be allowed into the Country of Panama because his passport was set to expire within six months from the dates of his flights on February 6, 2013, and February 13, 2013.

    6.    Defendants A-M and Defendants, William Black and Charles White, are corporations, individuals and entities who have their principal places of business or their residences in the State of Mississippi, and who are unidentified and unknown to the Plaintiff at the time. Plaintiff intends

to file an Amended Complaint and name and serve Defendants A-M, once their identities are learned and their liabilities are ascertained by the Plaintiff.

## COUNT I

7. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of the Complaint the same as though specifically set out herein again.

8. Defendants, United Airlines, Inc. and United Continental Holdings, Inc. (hereinafter collectively referred to as "United Airlines"), entered into a contract with Martin H. McCubbins in the First Judicial District of Hinds County, Mississippi and the contract was to be performed in whole or in part in the First Judicial District of Hinds County, Mississippi and the breaches and failure to warn occurred in whole or in part in the First Judicial District of Hinds County, Mississippi thereby making venue proper in the First Judicial District of Hinds County, Mississippi.

9. Martin H. McCubbins and his friend, Tommy Tann, prior to January 19, 2013, decided to visit Panama. In order to prepare for their trip, Tommy Tann searched the internet travel sites that offered airline tickets for sale to travel to Panama. Mr. McCubbins purchased his plane ticket to Panama at a cost of $790.40 from the agent representing United Airlines and the ticket was received by him at his address which is located in the First Judicial District of Hinds County, Mississippi.

10. About 24 hours prior to the flight leaving, Mr. McCubbins went to the United Airlines website to check in and obtain his boarding pass. United Airlines indicated to Mr. McCubbins that since he was going out of the country he would have to come to the United Airlines ticket counter at the Jackson-Evers International Airport for William Black to inspect and verify McCubbins' passport and to verify that McCubbins' passport was valid for the dates of his flights. Mr.

3

McCubbins, on the morning of the flight, went to the airport to board his flight to Panama. McCubbins, as he had been instructed, went to the United Airlines counter to check in. Mr. McCubbins obtained the United Airlines boarding pass from William Black after giving his passport to William Black for inspection. William Black, the ticket agent, examined Mr. McCubbins' passport; confirmed that McCubbins' passport was proper; assured McCubbins that everything was in order; and delivered Mr. McCubbins's boarding pass to him at the Jackson International Airport, Jackson, Mississippi. William Black, United Airlines' agent, reviewed McCubbins' passport and negligently failed to warn and advise McCubbins that he would not be allowed inside the country of Panama because his passport had an expiration date of six months or less from the date of his travel. The ticket and boarding pass that were received by Mr. McCubbins; and the warnings (if any), restrictions (if any), requirements (if any), and/or limitations (if any) alleged to be included by reference on the ticket and boarding pass were nonexistent or were phrased in such vague terms that the alleged warnings (if any), restrictions (if any), requirements (if any), and/or limitations (if any) to warn Mr. McCubbins that they inadequately warned or failed to warn him of the warnings, restrictions, requirements, and/or limitations of the ticket, boarding pass, and/or any other State, Federal, or International treaties. The alleged warnings, restrictions, requirements, and/or limitations were either not there or were so vague that any reliance thereon by the Defendants as a defense constitutes violations of State laws, Federal laws, the Constitution of the State of Mississippi; and the Constitution of the United States of America.

11. Mr. McCubbins proceeded to the United Airlines boarding area to prepare to board the United Airlines aircraft to Panama by way of Houston, Texas. Charles White, the boarding agent reviewed, inspected and verified McCubbins' boarding pass and passport and allowed McCubbins

4

to board the aircraft although his passport was set to expire less than six months from his travel date. United Airlines' agent, Charles White, negligently failed to warn and advise McCubbins that he would not be allowed inside the country of Panama because his passport had an expiration date of six months or less from the date of his travel. Mr. McCubbins flew uneventfully from Jackson, Mississippi to Houston, Texas and on arrival in Houston McCubbins proceeded to the United Airlines gate where he boarded the aircraft that would take him to Panama. McCubbins again produced his passport and his boarding pass to the United Airlines representative and the United Airlines representative reviewed, inspected and verified the passport and cleared McCubbins to board the aircraft leaving for Panama, (about one and a half hours before the flight was scheduled to depart), despite the fact that his passport was set to expire less than six months from the travel date. About 30 minutes before the plane was scheduled to depart, the United Airlines representative made an announcement that all passengers would be required (for the second time) to show their passport to the United Airlines representative for United Airlines to verify that the passports were valid.

12.     Martin H. McCubbins again showed his passport to the United Airlines representative and after his passport was validated was then allowed to board the United Airlines aircraft that was bound for Panama despite the fact that he had a passport that was set to expire less than six months from the travel date. McCubbins boarded the flight and had an uneventful flight from Houston, Texas to Panama.

13.     Once McCubbins reached Panama he deplaned the aircraft and proceeded to customs. Once he arrived in customs, the Panama authorities reviewed McCubbins' passport and told him that he would not be allowed to enter the country of Panama because his passport was set to expire within

5

six months of his flights. McCubbins was outraged and he was taken to the supervisor's office by customs. McCubbins was told he could not enter Panama because his passport was set to expire less than six months from the travel date. Mr. McCubbins explained to the Panamanian authorities that his passport had an expiration date of April 22, 2013; that the date of boarding was February 6, 2013; and that he would be leaving Panama on February 13, 2013. The supervisor said it did not matter because the passport was set to expire in less than six months from his dates of travel. McCubbins told the Panamanian supervisor that no one told him that he must have a passport that would not expire within six months from the date of travel. The supervisor told McCubbins that United Airlines was required to review his passport and required to double check the expiration date of the passport to make sure it did not expire within six months of the visit date. United Airlines representatives reviewed and approved McCubbins' passport and had at least four opportunities to inspect and review McCubbins' passport and advise him that he would not be allowed inside the country of Panama without a passport that did not expire within six months of the visit date. The supervisor told McCubbins that it was United Airlines' responsibility and that it should be fined.

14. McCubbins was then placed in an isolated room with armed guards outside, where he was unable to obtain any food whatsoever; did not have any place to sleep or rest; and was treated more like a common criminal than an international passenger. McCubbins was detained the entire evening and night without food; had to ask permission to use the restroom and, when permitted, was accompanied to the restroom by an armed police officer; was not provided a cot, mattress, pillow or place to sleep; and was forced to board the next United Airlines flight (which was the following day) back to Houston, Texas. McCubbins spent the night being mentally tortured as a direct result of the negligence of William Black, Charles White, United Airlines and other officers, directors,

representatives, agents and employees of United Airlines. United Airlines, William Black and Charles White never provided McCubbins with instructions or information about the limitations with his passport nor advised McCubbins that his passport, (although it had not expired), was not sufficient to permit him to leave the airport terminal in Panama City, Panama because his passport expired within six months of the travel date.

15. The Defendants, United Airlines, Inc., United Continental Holdings, Inc., William Black, and Charles White, were negligent and grossly and recklessly negligent by failing to advise McCubbins of the limitations with his passport; by failing to warn McCubbins that he would not be allowed into the country of Panama; and by allowing McCubbins to board two different United Airlines flights; travel from Jackson, Mississippi to Houston, Texas; and travel from Houston, Texas to Panama City, Panama only to be held as a common criminal and held in a retaining room in Panama City, Panama by armed guards. The Defendants, United Airlines, Inc., United Continental Holdings, Inc., William Black and Charles White, were negligent and grossly and willfully negligent in their failures to advise McCubbins on at least four different occasions that his passport, (although it had not expired), was expiring within six months of his travel date and that he would not be allowed to enter any foreign country (including Panama) with a passport expiring within six months of the travel date. As a result of the gross and willful negligent acts of the Defendants, United Airlines, Inc., United Continental Holdings, Inc., William Black and Charles White, the Plaintiff sustained actual damages including but not limited to disgrace, humiliation, embarrassment, and false imprisonment. McCubbins was treated more like a prisoner than an international traveler. Plaintiff's damages as a result of the negligence and gross and willful acts of Defendants, United Airlines, Inc., United Continental Holdings, Inc., William Black and Charles White, which were the

proximate contributing causes of Plaintiff's damages in the amount of $50,000.00 and punitive damages in the sum of $20,000.00 to deter the Defendants from such reckless and oppressive conduct in the future.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands Judgment against the Defendants, United Airlines, Inc., United Continental Holdings, Inc., William Black and Charles White, jointly and severally, for his actual damages in the amount of Fifty Thousand Dollars ($50,000.00.) The Plaintiff also seeks punitive damages in the amount of Twenty Thousand Dollars ($20,000.00) to deter the Defendants from such reckless and oppressive conduct in the future; pre-judgment interest; post-judgment interest; and all costs.

### COUNT II

16.     Plaintiff, Martin H. McCubbins, adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

17.     On the occasion in question the Defendants, United Airlines, Inc., United Continental Holdings, Inc., William Black and Charles White, were negligent and grossly and willfully negligent by failing to disclose all terms and conditions of McCubbins' travel to Panama City, Panama; failing to abide by rules and regulations which were well known to United Airlines; failing to warn and advise McCubbins that he would not be allowed inside the country of Panama because his passport had an expiration date of six months or less from the date of his travel; failing to remedy the tragic situation; and failing to refund all expenses associated with McCubbins' trip to Panama. The negligence of the Defendants, United Airlines, Inc., United Continental Holdings, Inc., William Black and Charles White, as aforesaid was the sole proximate causes of the incident and the injuries and damages sustained by the Plaintiff and are in the amount of at least $50,000.00. Defendants,

8

United Airlines, Inc., United Continental Holdings, Inc., William Black and Charles White, are responsible for McCubbins' damages and should be required to pay McCubbins the sum of $50,000.00 for his actual damages, plus punitive damages in the sum of $20,000.00 to deter the Defendants from such reckless and oppressive conduct in the future.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands Judgment against the Defendants, United Airlines, Inc., United Continental Holdings, Inc., William Black and Charles White, jointly and severally, for his actual damages in the amount of Fifty Thousand Dollars ($50,000.00.) The Plaintiff also seeks punitive damages in the amount of Twenty Thousand Dollars ($20,000.00) to deter the Defendants from such reckless and oppressive conduct in the future; pre-judgment interest; post-judgment interest; and all costs.

## COUNT III

18. Plaintiff, Martin H. McCubbins, adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

19. Plaintiff entered into a contract with Defendants, United Airlines, Inc. and United Continental Holdings, Inc., for safe, reliable and informed travel to Panama City, Panama. The Defendants, United Airlines, Inc. and United Continental Holdings, Inc., breached their contract or agreement with the Plaintiff and as a result of their breaches of contract McCubbins suffered damages in the First Judicial District of Hinds County, Mississippi.

20. On the occasion in question, McCubbins paid all the sums requested of him to be paid by United Airlines and performed all of the obligations and duties in accordance with the contract or agreements. A copy of Plaintiff's travel itinerary and ticket is attached hereto as Exhibit "A" and

9

incorporated herein by reference. A copy of Plaintiff's passport is attached hereto as Exhibit "B" and incorporated by reference.

21. As a result of Defendants', United Airlines, Inc. and United Continental Holdings, Inc., breaches of contract and agreements the Plaintiff has sustained damages in the amount of $50,000.00; punitive damages in the sum of $20,000.00 to deter the Defendants from such reckless and oppressive conduct in the future; pre-judgment interest; post-judgment interest; and all costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands Judgment against the Defendants, United Airlines, Inc. and United Continental Holdings, Inc., for his actual damages in the amount of Fifty Thousand Dollars ($50,000.00.) The Plaintiff also seeks punitive damages in the amount of Twenty Thousand Dollars ($20,000.00) to deter the Defendants from such reckless and oppressive conduct in the future; pre-judgment interest; post-judgment interest; and all costs.

## AD DAMNUM

WHEREFORE PREMISES CONSIDERED, Plaintiff demands Judgment against the Defendants, United Airlines, Inc., United Continental Holdings, Inc., William Black and Charles White, jointly and severally, for his actual damages in the amount of Fifty Thousand Dollars ($50,000.00.) The Plaintiff also seeks punitive damages in the amount of Twenty Thousand Dollars ($20,000.00) to deter the Defendants from such reckless and oppressive conduct in the future; pre-judgment interest; post-judgment interest; and all costs.

Respectfully submitted, this the 5th day of February, 2016.

PLAINTIFF

By: _____
WAYNE E. FERRELL, JR.

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Attorney at Law
Law Offices of Wayne E. Ferrell, Jr., PLLC
405 Tombigbee Street
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700

**Marty McCubbins**

From: tom@bigbuckrattlingantlers.com [tmtannjr@yahoo.com]
Sent: Saturday, January 19, 2013 12:11 PM
To: Marty Mccubbins
Subject: PANAMA TRIP

----- Forwarded Message -----
From: "United Airlines, Inc." <unitedairlines@united.com>
To: TMTANNJR@YAHOO.COM
Sent: Saturday, January 19, 2013 11:08 AM
Subject: eTicket Itinerary and Receipt for Confirmation A7NGR6

**UNITED**  A STAR ALLIANCE MEMBER

Confirmation:
A7NGR6
Check-In >

Issue Date: January 19, 2013

| Traveler | eTicket Number | Frequent Flyer | Seats |
|---|---|---|---|
| MCCUBBINS/MARTINHARTLEYMR | 0162352801421 | | ---/---/---/--- |

**FLIGHT INFORMATION**

| Day, Date | Flight | Class | Departure City and Time | Arrival City and Time | Aircraft | Meal |
|---|---|---|---|---|---|---|
| Wed, 06FEB13 | UA4650 | U | JACKSON, MS (JAN) 6:40 AM | HOUSTON, TX (IAH -BUSH INTL) 8:03 AM | ERJ-145 | |

Flight operated by EXPRESSJET AIRLINES INC doing business as UNITED EXPRESS.

| | | | | | | |
|---|---|---|---|---|---|---|
| Wed, 06FEB13 | UA1034 | U | HOUSTON, TX (IAH -BUSH INTL) 2:08 PM | PANAMA CITY, PANAMA (PTY) 7:13 PM | 737-900 | Snack |
| Sat, 16FEB13 | UA1031 | S | PANAMA CITY, PANAMA (PTY) 9:55 AM | HOUSTON, TX (IAH -BUSH INTL) 1:15 PM | 757-300 | Snack |
| Sat, 16FEB13 | UA4239 | S | HOUSTON, TX (IAH -BUSH INTL) 5:03 PM | JACKSON, MS (JAN) 6:20 PM | ERJ-145 | |

Flight operated by EXPRESSJET AIRLINES INC doing business as UNITED EXPRESS.

**FARE INFORMATION**

Fare Breakdown
Airfare:                                678.00USD
U.S. Federal Transportation Tax:         34.40
September 11th Security Fee:              7.50
U.S. Customs User Fee:                    5.50
U.S. Immigration User Fee:                7.00
U.S. APHIS User Fee:                      5.00
Panama Airport Security Fee:              2.50
Panama Departure Tax:                    40.00
U.S. Passenger Facility Charge:          10.50
Per Person Total:                       790.40USD

eTicket Total:                          790.40USD

Form of Payment: VISA
Last Four Digits 8228

The airfare you paid on this itinerary totals: 678.00 USD

1


EXHIBIT A

The Secretary of State of the United States of America hereby requests all whom it may concern to permit the citizen/national of the United States named herein to pass without delay or hindrance and in case of need to give all lawful aid and protection.

Le Secrétaire d'État des États-Unis d'Amérique prie par les présentes toutes autorités compétentes de laisser passer le citoyen ou ressortissant des États-Unis titulaire du présent passeport, sans délai ni difficulté et, en cas de besoin, de lui accorder toute aide et protection légitimes.

El Secretario de Estado de los Estados Unidos de América por el presente solicita a las autoridades competentes permitir el paso del ciudadano o nacional de los Estados Unidos aquí nombrado, sin demora ni dificultades, y en caso de necesidad, prestarle toda la ayuda y protección lícitas.

SIGNATURE OF BEARER/SIGNATURE DU TITULAIRE/FIRMA DEL TITULAR
NOT VALID UNTIL SIGNED

PASSPORT
UNITED STATES OF AMERICA
Type / Type / Tipo    Code / Code / Código    Passport No. / No. du Passeport / No. de Pasaporte
P                    USA                     208263259
Surname / Nom / Apellidos
MC CUBBINS
Given names / Prénoms / Nombres
MARTIN HARTLEY
Nationality / Nationalité / Nacionalidad
UNITED STATES OF AMERICA
Date of birth / Date de naissance / Fecha de nacimiento

Sex / Sexe / Sexo    Place of birth / Lieu de naissance / Lugar de nacimiento
M                    MISSISSIPPI, U.S.A.
Date of issue / Date de délivrance / Fecha de expedición    Authority / Autorité / Autoridad
23 Apr 2003                                                  National
Date of expiration / Date d'expiration / Fecha de caducidad  Passport Center
22 Apr 2013
Amendments / Modifications / Enmiendas
See Page 24

P&lt;USAMC&lt;&lt;CUBBINS&lt;&lt;MARTIN&lt;HARTLEY&lt;&lt;&lt;&lt;&lt;&lt;&lt;&lt;&lt;&lt;&lt;&lt;&lt;
208263259USA4409221M1304222&lt;&lt;&lt;&lt;&lt;&lt;&lt;&lt;&lt;&lt;&lt;&lt;00

EXHIBIT
P

| COVER SHEET<br>Civil Case Filing Form<br>(To be completed by Attorney/Party<br>Prior to Filing of Pleading) | Court Identification Docket # | Case Year | Docket Number |
|---|---|---|---|
| | 25 / C1 / District / Court ID (CH, CI, CO) | 2016 | 15 / 98 |
| Mississippi Supreme Court  Form AOC/01<br>Administrative Office of Courts  (Rev 2009) | Month / Date / Year<br>02 / 05 / 16<br>This area to be completed by clerk | | Local Docket ID<br>Case Number if filed prior to 1/1/94 |

In the **CIRCUIT** Court of **HINDS** County — **1ST** Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual: **MCCUBBINS** (Last Name) **MARTY** (First Name)

Address of Plaintiff: **405 TOMBIGBEE ST., JACKSON, MS 39201**

Attorney (Name & Address): **WAYNE E. FERRELL, JR., 405 TOMBIGBEE ST., JACKSON, MS 39201**  MS Bar No. **5182**

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Business: **UNITED AIRLINES, INC.**

**Damages Sought:** Compensatory $ **50,000** Punitive $ **20,000**

**Nature of Suit** (Place an "X" in one box only)

Torts - Other: **AVIATION** [X]

Case: 25CI1:16-cv-00098-JAW    Document #: 1-1    Filed: 02/05/2016    Page 2 of 2

IN THE _____ COURT OF _____ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No. 2016_____ 98_____ 251 CI    Docket No. If Filed
File Yr    Chronological No.    Clerk's Local ID    Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of __ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

Individual: _____ _____ ( _____ ) _____ _____
             Last Name      First Name        Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

__Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

__Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business **UNITED CONTINENTAL HOLDINGS, INC.**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where Incorporated

__Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: **BLACK** _____ **WILLIAM** _____ ( _____ ) _____ _____
             Last Name             First Name          Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

__Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

__Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where Incorporated

__Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: **WHITE** _____ **CHARLES** _____ ( _____ ) _____ _____
             Last Name              First Name           Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

__Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

__Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where Incorporated

__Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___